**REISSUED OPINION**

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-4225**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY JEROME HENRY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, District Judge.  (CR-01-208)

Submitted:  July 31, 2002          Decided:  November 15, 2002

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Corey Jerome Henry appeals from his 71-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000), following his November 29, 2001, guilty plea. At sentencing on February 25, 2002, the district court enhanced his sentence, imposing a four-level increase to his offense level under United States Sentencing Guideline Manual § 2K2.1(b)(5) (2000) based on the court's finding that Henry possessed the firearm in connection with the distribution of marijuana.

Henry argues that the Government did not sufficiently prove a connection between the guns and the drug offense to warrant increasing his offense level under § 2K2.1(b)(5). However, this court has repeatedly recognized the close link between firearms and drug distribution. See United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999). In this case, the firearm was in Henry's hand, Henry admitted selling marijuana only hours before his apprehension out of the motel where he was found, and the room in which he was arrested contained a cell phone, pager, large amounts of cash, and a small amount of marijuana. The evidence produced at sentencing established by a preponderance that Henry possessed the handgun in connection with the felony offense of drug possession with intent to distribute. Id. at 195 (recognizing that a Rolex watch, a wad

2

of $1055, and a hand gun were all indicia of drug dealing). Accordingly, we affirm Henry's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3